UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:10-CV-00029

COREY LEA and                                                                       PLAINTIFFS
COREY LEA, INC.,

v.

UNITED STATES DEPARTMENT                                                    DEFENDANTS
OF AGRICULTURE; TOM VILSACK;
LARRY HINTON; FARMERS NATIONAL
BANK; and MICHAEL SPALDING.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss [DN 54] by Defendants Farmers National Bank ("FNB") and Larry Hinton and a motion to dismiss [DN 55] by Defendants United States Department of Agriculture ("USDA"), Michael Spalding, and Tom Vilsack.[1] Fully briefed, the matters are ripe for decision. For the reasons that follow, the motions are granted.

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550

---

[1] Because Defendants' motions to dismiss are nearly identical, they will be discussed concurrently.

U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 1949-50. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. BACKGROUND FACTS

The USDA, through the USDA Farm Service Agency ("FSA"), acts as a guarantor on loans issued by approved banking institutions to allow farmers to acquire funds to own and/or operate farm property. Plaintiff Corey Lea is an African American, financially disadvantaged farmer who owns and operates a farm located in Warren, Kentucky through such an arrangement with FNB. Pursuant to the loan guarantee program, FSA has a second mortgage on Plaintiffs' real property and FNB holds a first mortgage.

On December 21, 2007, Plaintiffs requested a loan subordination from the USDA after Plaintiffs secured a loan with Independence Bank ("Independence") to refinance Plaintiffs' outstanding loans and to fund the cost of building a new house on the property. On February 28, 2008, the loan subordination request was denied because the USDA appraisal valued Plaintiffs' property at $18,035 less than the proposed total debt. The USDA valuation of Plaintiffs' property was approximately $73,000 less than the appraisal performed by Independence's private appraiser. Following the denial, Plaintiffs filed a discrimination complaint with the USDA alleging that the denial of the loan resulted from Mr. Lea's status as an African American farmer. The USDA accepted Plaintiffs' discrimination claim as valid, but subsequently dismissed the claim following

initiation of this suit.

On February 10, 2009, FNB initiated foreclosure proceedings on the loan guaranteed by the USDA because Plaintiffs failed to make payments on the loan for 5 months. FNB was granted a Judgment and Order of Sale on October 5, 2009, as to Plaintiffs' farm property. On November 4, 2009, Defendant Larry Hinton, FNB's attorney, and Defendant Michael Spalding, an Assistant United States Attorney, agreed to waive the one year right of redemption held in favor of the USDA. FNB has not yet instructed the Warren Circuit Court to sell Plaintiffs' property.

### III. DISCUSSION

Plaintiffs initiated this action to enjoin FNB from foreclosing on Plaintiffs' real property and to recover damages for the alleged discrimination. Plaintiffs' Amended Complaint cites three causes of action: (1) violation of the Equal Credit Opportunity Act ("ECOA"); (2) violation of the Food, Conservation, and Energy Act ("FCEA"); and (3) violation of 42 U.S.C. § 1985(3). Defendants claim that their actions were in compliance with federal law. The Court will address each cause of action in turn.

#### A. Violation of ECOA

"An act done with discriminatory intent is not illegal unless it falls within the scope of a federal statute or runs afoul of the Constitution." Michigan Prot. & Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 345-46 (6th Cir. 1994). Here, Plaintiffs allege that Defendants violated the ECOA which prohibits "any creditor" from discriminating against "any applicant, with respect to any aspect of a credit transaction . . . on the basis of race." 15 U.S.C. § 1691(a). Defendants claim that the accusation is without merit because Plaintiffs do not meet the definition of an "applicant" under the Act, Plaintiffs cannot show they applied and were qualified for "an extension of credit," and

3

Plaintiffs have failed to show that other similar credit applicants were treated more favorably.

In Hood v. Midwest Sav. Bank, 95 F. App'x 768 (6th Cir. 2004), the court provided the elements necessary to establish a prima facie ECOA claim:

> [A] plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for and was qualified for a loan; (3) the loan application was rejected despite his or her qualifications; and (4) the lender continued to approve loans for applicants with qualifications similar to those of the plaintiff.

Id. at 788 (citing Babin, 18 F.3d at 346; Ward v. Union Planters Nat'l Bank, 113 F.3d 1236, at *2 (6th Cir. 1997) (unpublished table decision)).

Plaintiffs rely on Mays v. Buckeye Rural Elec. Co-op, Inc., 277 F.3d 873 (6th Cir. 2002) for the proposition that the Sixth Circuit has not adopted the fourth, the "disparate treatment" element. Plaintiffs claim that because the Mays court neglected to include the "disparate treatment" element when reciting the elements necessary to an ECOA claim, this showing is not required. The court in Hood rejected this identical argument:

> [Plaintiff] argues that a plaintiff can establish a prima facie case of credit discrimination by showing the following four elements: (1) plaintiff was a member of the protected class; (2) plaintiff applied for credit from defendants; (3) plaintiff was qualified for the credit; and (4) despite plaintiff's qualifications, defendant denied her credit application. [Plaintiff] cites Mays v. Buckeye Rural Elec. Co-op., 277 F.3d 873, 877 (6th Cir. 2002), as authority for this statement of the elements. This reliance, however, is misplaced. [Plaintiff] relies on a Tenth Circuit case, Matthiesen v. Banc One Mortgage Corp., 173 F.3d 1242, 1246 (10th Cir. 1999), for this statement of the elements. The elements of the test, however, had already been set forth by the Sixth Circuit by the time Matthiesen was decided. See Michigan Prot. & Advocacy Serv., Inc., 18 F.3d at 346. Since the Matthiesen court did not acknowledge Michigan Protection & Advocacy Service or attempt to distinguish it in any way, it appears likely that an exact statement of the elements was not critical to the decision in Mays and that the court simply overlooked the existing Sixth Circuit formulation.

4

Hood, 95 F. App'x at 778 n.7.[2]

Hood made clear that the test articulated in Michigan Protection is the appropriate test in the Sixth Circuit to determine whether an ECOA claim has been properly made. Therefore, facts supporting "disparate treatment" must be plead. See Sanders v. USDA Rural Housing, 2008 WL 2097386 (M.D. Tenn. May 16, 2008) ("disparate treatment" element applied to ECOA claim); Jat, Inc. v. Nat'l City Bank of the Midwest, 2008 WL 2397657 (E.D. Mich. June 10, 2008) (same). Plaintiffs have failed to advance any facts indicating "disparate treatment" and therefore the claim must be dismissed.

**B. Violation of FCEA**

Plaintiffs allege that because of the pending discrimination claim with the USDA, the FCEA's moratorium on foreclosure proceedings prevented FNB from obtaining the Judgment and Order of Sale. Defendants allege that the moratorium only prevented the USDA from initiating foreclosure proceedings, not private institutions like FNB.

In cases of statutory construction, the Court begins "by analyzing the statutory language, 'assuming that the ordinary meaning of that language accurately expresses the legislative purpose.'" Hardt v. Reliance Standard Life Ins. Co., 130 S.Ct. 2149, 2156 (2010) (quoting Gross v. FBL Fin. Servs., Inc., 129 S.Ct. 2343, 2350 (2009)). In the absence of ambiguity, the Court must enforce the statute according to its terms. Hardt, 130 S.Ct. at 2156.

7 U.S.C. § 1981a(b)(1) provides:

---

[2] Plaintiffs claim that reliance on Hood would be inappropriate because Michigan Protection, a case cited by Hood in finding the disparate treatment element necessary to an ECOA claim, was a Fair Housing Act ("FHA") case. Plaintiffs' argument is not well taken because "[t]he prima facie case necessary to establish a claim under the FHA or the ECOA using circumstantial evidence is the same." Hood, 95 F. App'x at 778 (citing Saldana v. Citibank, Fed. Sav. Bank, 1996 WL 332451, at *5 (N.D. Ill. June 13, 1996)).

> Subject to the other provisions of this subsection, effective beginning on the date of the enactment of this subsection, there shall be in effect a moratorium, with respect to farmer program loans made under subchapter I, II, or III of this chapter on all acceleration and foreclosure proceedings *instituted by the Department of Agriculture* against any farmer or rancher who--
>
> (A) has pending against the Department a claim of program discrimination that is accepted by the Department as valid; or
>
> (B) files a claim of program discrimination that is accepted by the Department as valid.

(emphasis added). The Court is not persuaded that 7 U.S.C. § 1981a(b)(1) was intended to prevent loans guaranteed by the USDA from being foreclosed on by private institutions. To the contrary, 7 U.S.C. § 1981a(b)(1) unambiguously limits foreclosure proceedings only to those "instituted by the Department of Agriculture." This language would be superfluous if Congress intended for the moratorium to apply to all foreclosure proceedings, including those initiated by private banking institutions. Here, the foreclosure was not initiated by the USDA and therefore the moratorium is not applicable. Accordingly, FNB, as a private party, was free to begin foreclosure proceedings on the guaranteed loan regardless of whether a discrimination claim was pending.

Plaintiffs cite 7 C.F.R. § 762.143 for the suggestion that Congress intended for 7 U.S.C. § 1981a(b)(1) to apply to guaranteed loans. The relevant language of 7 C.F.R. § 762.143, which tracks that of 7 U.S.C. § 1999(g)[3], states: "[t]he lender may not initiate foreclosure action on the [guaranteed] loan until 60 days after eligibility of the borrower to participate in the interest

---

[3] 7 U.S.C. § 1999(g) states that a "lender of the guaranteed loan may not initiate foreclosure action on the loan until 60 days after a determination is made with respect to the eligibility of the borrower thereof to participate in the [interest rate reduction] program under this section." Plaintiffs' claims as to violations of section 1999(g) and section 762.143 are moot because Plaintiffs' Farm Ownership loan was ineligible for interest assistance. Even though Defendants may have not complied with these provisions, the "the law requires no one to perform a useless act." MX Group, Inc. v. City of Covington, 293 F.3d 326, 344 (6th Cir. 2002) (quotation omitted).

6

assistance programs has been determined by the Agency." The Court presumes that, "where words differ as they differ here, 'Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 63 (2006) (quoting Russello v. United States, 464 U.S. 16, 23 (1983)). It is evident that "Congress intended the differences that its language suggests, for the two provisions differ not only in language but in purpose as well." White, 548 U.S. at 63. 7 U.S.C. § 1981a(b)(1) places a moratorium on foreclosures of farmer program loans initiated by the USDA, where 7 C.F.R. § 762.143 places a temporary hold on liquidation proceedings by a private lender of a guaranteed loan until eligibility to participate in the Interest Rate Reduction Program has been established. Therefore, in crafting section 1981a(b)(1), Congress limited the moratorium solely to those foreclosures "instituted by the Department of Agriculture," and the Court must enforce the provision according to its unambiguous terms. Because there have been no allegations that the USDA instituted the foreclosure proceedings, Plaintiffs' FCEA claim is dismissed.

### C. 42 U.S.C. § 1985(3)

Lastly, Plaintiffs claim that Defendants engaged in a conspiracy of discrimination which allowed FNB to improperly begin foreclosure proceedings on Plaintiffs' property. Specifically, Plaintiffs allege that the conspiracy is evidenced by the following: (1) FNB and USDA failed to comply with 7 C.F.R. § 762.143 which requires USDA approval before a lender may initiate a foreclosure proceeding; (2) FNB and USDA violated 7 C.F.R. § 762.149 by failing to pursue mediation and submit a liquidation plan prior to seeking foreclosure; and (3) Mr. Hinton and Mr. Spalding violated 28 U.S.C. § 2410 by improperly waiving the USDA's one year right of redemption

7

to allow FNB to begin foreclosure proceedings.[4] Defendants assert that the Amended Complaint fails to state a valid section 1985(3) claim because: (1) the Amended Complaint is void of any facts to support the contention that Defendants acted with "class based animus"; (2) Plaintiffs' claim is barred by res judicata; (3) initiation of the foreclosure proceedings was lawful and therefore Defendants can not establish a conspiracy; and (4) Defendants are protected by qualified immunity.

The Sixth Circuit has held that a viable 42 U.S.C. § 1985(3)[5] claim must contain:

> (1) [A] conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 839 (6th Cir. 1994) (citing Hilliard v. Ferguson, 30 F.3d 649, 652-53 (5th Cir. 1994)). A plaintiff "must also establish that the conspiracy was motivated by a class-based animus." Johnson, 40 F.3d at 839.

The Court agrees with Defendants in that Plaintiffs failed to appropriately plead the "class-based animus" element. The inquiry is two fold. First, in order to be "[a] class protected by section 1985(3)[, the plaintiff] must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender." Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc., 32 F.3d 989, 994

---

[4] The allegation that Defendants violated 7 C.F.R. § 762.149 is unfounded. The record indicates that FNB did submit a liquidation plan to FSA which was approved on February 3, 2009. (FNB's & Larry Hinton's Reply to Pl.'s Resp. to Mot. to Dismiss Ex.'s 4 & 5.) The claims relating to 7 C.F.R. § 762.143 have already been discussed. See *supra* pp. 5-7.

[5] The relevant section of 42 U.S.C. § 1985(3) states: "If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws [and] . . . do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action . . . against any one or more of the conspirators."

(6th Cir. 1994). Secondly, the plaintiff must put forth specific facts indicating that the conspiracy was motivated by "'some racial or perhaps otherwise class-based, invidiously discriminatory animus.'" Bartell v. Lohiser, 215 F.3d 550, 559-60 (6th Cir. 2000) (quoting United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 829 (1983)). In other words, "as the Supreme Court recently held, a complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief. . . . [A section 1985] claim can survive only if [the plaintiff] pleaded facts supporting that conclusion." Nali v. Ekman, 335 F. App'x 909, 913 (6th Cir. 2009).

Defendants concede that Mr. Lea is a member of a protected class. To support the argument that Defendants were motivated by class-based animus, Plaintiffs rely on the following quote from Pigford v. Glickman, 185 F.R.D. 85 (D.D.C. 1999)[6]:

> For decades, despite its promise that 'no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity of an applicant or recipient receiving Federal financial assistance from the Department of Agriculture,' 7 C.F.R. § 15.1, the Department of Agriculture and the county commissioners discriminated against African American farmers when they denied, delayed or otherwise frustrated the applications of those farmers for farm loans and other credit and benefit programs.

Id. at 85.

However, in order to overcome a 12(b)(6) motion, Plaintiffs must "*plead*[] *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (emphasis added). See Nali, 335 F. App'x at 913 (Where no facts

---

[6] Pigford involved a class action suit brought by a number of African American farmers in the District Court for the District of Columbia alleging racial discrimination in the USDA's administration of its loan programs in violation of the ECOA.

9

were presented to show motivation to discriminate, plaintiff's section 1985(3) claim was dismissed); Anthony v. Ranger, 2010 WL 1268031, at *13 (E.D. Mich. March 30, 2010) (Section 1985(3) claim dismissed where court found that "[p]laintiff sets forth no plausible facts showing that the alleged conspiracy was motivated by racial or other class based animus, other than stating that Plaintiff is black"); Phifer v. City of Grand Rapids, Michigan, 657 F. Supp. 2d 867, 876 (W.D. Mich. 2009) (Section 1985 claim appropriately dismissed where "[plaintiff has neither shown the existence of a conspiracy nor alleged any fact suggesting that the conduct she complains of was motivated by racial or any other class-based animus"). A review of the Amended Complaint reveals that Plaintiffs have failed to put forth any plausible facts showing that the alleged conspiracy was motivated by racial animus. Simply citing Pigford for the proposition that the USDA had engaged in a pattern of discrimination against African American farmers over a decade ago does not constitute evidence of discrimination in this case. Furthermore, the fact that Defendants waived the right of redemption also does not support an allegation of discrimination absent facts tending to show that the USDA had done just the opposite for those of a different race.

Because there have been no specific facts presented to allow the Court to reasonably conclude that the alleged discrimination was motivated by a class-based animus, Plaintiffs' claim is dismissed and the Court need not address the remainder of Defendants' arguments.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss [DN 54, 55] are **GRANTED**.

cc. Counsel of Record