UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:10-CV-00029

COREY LEA and                                                                                PLAINTIFFS
COREY LEA, INC.,

v.

UNITED STATES DEPARTMENT                                                      DEFENDANTS
OF AGRICULTURE; TOM VILSACK;
LARRY HINTON; FARMERS NATIONAL
BANK; and MICHAEL SPALDING.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Plaintiffs to alter, amend, or vacate [DN 82] the Court's January 19, 2011, Memorandum Opinion and Order [DN 80] granting Defendants' motion to Dismiss [DN 54, DN 55] and a motion to file a second amended complaint [DN 83]. Fully briefed, this matter is ripe for decision. For the reasons that follow, the motions are denied.

### I. BACKGROUND

Plaintiff Corey Lea obtained a loan from First National Bank ("FNB") through the USDA Farm Service Agency ("FSA") in order to acquire and operate farm property located in Warren, Kentucky. Pursuant to the loan guarantee program, FSA has a second mortgage on Plaintiffs' real property and FNB holds a first mortgage. On December 21, 2007, Plaintiffs requested a loan subordination from the USDA after Plaintiffs secured a loan with Independence Bank to refinance Plaintiffs' outstanding loans and to fund the cost of building a new house on the property. Mr. Lea's request was denied. Following allegations of discrimination and foreclosure proceedings initiated by FNB on Plaintiffs' property, this suit ensued and Plaintiffs alleged violations of the Equal Credit Opportunity Act ("ECOA"), violations of the Food, Conservation, and Energy Act ("FCEA"), and

violations of 42 U.S.C. § 1985(3).

On January 19, 2011, this Court issued an Opinion and Order dismissing Plaintiffs' claims. The Court concluded that the ECOA claim must be dismissed because Plaintiffs failed to plead facts indicating they were denied loans while others with similar qualifications were approved, that the FCEA claim failed as a matter of law because the FCEA is inapplicable to foreclosure proceedings initiated by private institutions, and that the § 1985(3) claim was without merit because Plaintiffs failed to show that Defendants were motivated by class-based animus. In response, Plaintiffs filed a motion to alter, amend, or vacate the Court's Opinion pursuant to Federal Rule of Civil Procedure 59(e) and for leave to file a second amended complaint.

## II. DISCUSSION

### A. Motion to Reconsider

Motions to alter or amend judgment may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)). See GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (citation omitted). See Browning v. Pennerton, 2008 WL 4791491, at *1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."); Electric Ins. Co. v. Freudenberg-Nok, Gen. P'ship, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007)

("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

Applying the above standard to the current motion, the Court denies Plaintiffs' motion to reconsider the merits of the case. The arguments raised in Plaintiffs' motion to reconsider based on the Court's misconstruing of Plaintiffs' Complaint were previously advanced by Plaintiffs and addressed by the Court or could have been advanced in their response. "A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." Gray v. Comm'r of Social Sec., 2006 WL 3825066, at *2 (E.D. Mich. Dec. 13, 2006) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). Plaintiffs may disagree with the Court's decision, but that is an issue for appeal, not reconsideration. Accordingly Plaintiffs' motion for reconsideration is denied.

**B. Motion for Leave to File Second Amended Complaint**

Plaintiffs have also moved for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiffs argue that their proposed amended complaint will cure the defects the Court found in their prior complaint. The Court disagrees.

Fed. R. Civ. P. 15(a)(2) states that after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." A district court should freely grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, futility of amendment, etc." Foman v.. Davis, 371 U.S. 178, 182 (1962).

The changes appearing in Plaintiffs' Second Amended Complaint fail to correct the problems that doomed their first complaint. The ECOA claim continues to lack evidence of disparate treatment, the FCEA claim remains meritless because the foreclosure proceedings were not instituted by the Department of Agriculture, and the 42 U.S.C. § 1985(3) claim fails because Plaintiffs again did not allege any facts supporting evidence of class-based animus. For these reasons, the Court denies Plaintiffs' motion for leave to file a second amended complaint.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' motion to alter, amend, or vacate [DN 82] the Court's January 19, 2011, Memorandum Opinion and Order [DN 80] is **DENIED** and Plaintiffs' motion to file a second amended complaint [DN 83] is **DENIED**.

cc. Counsel of Record